UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-10039-CR-Martinez/Garber

UNITED STATES OF AMERICA,

v.

GERMAN ARIAS UCETA,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court by Order of Reference from  United States District Judge Jose M. Martinez for a Report and Recommendation "as to the appropriateness of Defense Counsel's CJA Voucher."

## FACTUAL BACKGROUND AND DISCUSSION

The defendant Uceta was indicted on December 19, 2013, and was charged in a single Count in the Indictment with knowingly and unlawfully re-entering the United States after having been previously removed and deported, without the consent of the Attorney General of the United States or his successor, the Secretary of Homeland Security.

The defendant was found not to have funds with which to retain counsel and Hugo Rodriguez, Esquire, a member of the Criminal Justice Act panel (CJA), was appointed on December 20, 2013 to represent the defendant.  Mr. Rodriguez's representation of the defendant concluded on or about November 3, 2014. Mr. Rodriguez has submitted his voucher to procure the payment of attorney's fees and expenses.  He seeks an award in excess of the statutory cap of $9,800.00,

claiming that his representation, although not in a complex case, was extended for reasons set out herein.

Mr. Rodriguez is seeking to exceed the statutory cap of $9,800.00 authorized by the CJA for representation in a non-capital case.  The CJA provides *inter alia* for compensation of an appointed attorney for time expended in court and time "reasonably expended out of court" and for expenses "reasonably incurred."  18 U.S.C. §3006A(d)(3).

In order to exceed the statutory cap the court must find that the case involves "complex" or "extended" representation.  As acknowledged by Mr. Rodriguez, this case is not complex.  However, based upon an examination of the docket and numerous entries therein, the Court finds that this case was "extended" because it required the expenditure of more time in representation,  preparation, and travel time than does the average case.  Because the defendant was in custody in Key West, it was necessary for Mr. Rodriguez to make six separate trips from his office in Miami Beach to Key West:

> March 30, 2014 for a client conference, to review discovery, and discuss a plea;
> April 16, 2014, to review a plea agreement with the defendant, and to enter a plea;
> April 26, 2014, to attend a Pre-sentence Interview with client;
> June 7, 2014, to translate the pre-sentence Report for defendant and discuss sentence;
> July 7, 2014, for a meeting with client to prepare for and attend sentencing, continued; and,
> November 3, 2014, for sentencing.

Mr. Rodriguez handled this case in a very professional and competent manner and expended a significant amount of time in its preparation.  However, in its examination of time expended on certain items, the Court finds what it feels are excessive entries.

The Court finds that the claim of 11.9 hours for legal research and writing is excessive.  In support of such claim, motions filed by Mr. Rodriguez were perfunctory, mostly one page in length, and did not require an expenditure of such time as is claimed.  As examples, an unopposed Motion

to Continue Trial [DE 13], a Waiver of Pre-sentence Investigation [DE 19], two Motions to Continue Sentencing [DE 25 and 35], Notice of Filing Letter of Support [DE 32], Notice of Appeal [DE 39], and Notice of Filing Photographs [DE 33] did not require any research or extensive preparation. In addition, Mr. Rodriguez prepared and filed Objections to the Pre-Sentence Investigation [DE 28] consisting of three pages.  Upon due consideration of the request for 11.9 hours for Legal Research and Writing, the Court finds such claim to be excessive and finds that the legal work referenced above could have and should have been completed in 5 hours, thus reducing the total claim for $14,918.26 by $869.40 to a total of $14,048.86.

Mr. Rodriguez was compelled to spend an inordinate amount of time with the defendant in explaining all aspects of the case and the discovery so that he could understand the legal and factual issues.

Mr. Rodriguez's claim that 54.3 hours were expended on necessary travel to and from Miami Beach to Key West is reasonable.  Such claim represents approximately one half of the total claim for compensation.  The Court finds such claim to be appropriate, reasonable, and necessary.

A substantial amount of time was spent by counsel in meetings with the defendant, his family, and  an investigator.  Mr. Rodriguez also conferred several times with government counsel regarding a plea agreement and disposition by a guilty plea.  The case ultimately resulted in the defendant's entering a plea of guilty.

The Criminal Justice Act supports the concept that counsel should be compensated reasonably and, if necessary, in excess of the cap, where counsel's work involved complex issues or the representation was lengthy.  This cause was indeed extended as compared with the average case. *United States v. Bailey*, 581 F.2d 984 (D.C. Cir. 1978); *United States v. Johnson,* 549 F. Supp.

3

78 (D.D.C. 1982). Although the case was resolved by a plea of guilty, Mr. Rodriguez had to fully prepare for a trial.

Upon consideration of the claim for travel, lodging, and meal expenses in the amount of $1,902.36, the Court finds that such claim is appropriate based upon the numerous automobile travels by counsel between Miami Beach and Key West, and the necessity of staying in hotels while appearing in Key West.

Mr. Rodriguez has submitted a claim in the amount of $29.10 for "other expenses." Such claim is not supported by any documentation and is therefore denied. Such disallowance reduces the amount to be awarded from $14,048.81 to a total of $14,019.71, which the Court finds to be for necessary and reasonable legal services, costs, and expenses.

## CONCLUSION AND RECOMMENDATION

Based upon the Court's consideration and review of the docket entries, Mr. Rodriguez's voucher, and the Court's finding that the amount sought, as modified by the Court, are reasonable and necessary and are necessary to provide appropriate compensation to Mr. Rodriguez. Accordingly, it is hereby respectfully

RECOMMENDED that the total sum of $14,019.71 be awarded to Hugo Rodriguez, CJA counsel for the defendant as reasonable and necessary compensation.

The parties have fourteen (14) days from the date of this Report and Recommendation within which to file written objections, if any, with United States District Judge Jose M. Martinez. See 28 U.S.C. §636 (1991). Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir.1988), cert. denied, 488 U.S. 958 (1988).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 12th

day of December 2014.

BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE

5